UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV67-3-MU

| | |
|---|---|
| VINCENT BRADFORD EARL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MR. THEODIS BECK, ) | |
| Secretary of the Department of ) | |
| Correction, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Vincent Bradford Earl's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1). Also before the Court is the State's Motion for Summary Judgment (Document No. 5); Petitioner's response to the State's Motion for Summary Judgment (Document No. 9); and Petitioner's Motion to Amend (Document No. 7.) For the reasons stated herein, Respondent's Motion for Summary Judgment will be granted; Petitioner's Petitioner for Writ of Habeas Corpus will be denied and dismissed and Petitioner's Motion to Amend will be granted.

**I. Factual and Procedural Background**

A review of the record reveals that on June 12, 2003 Petitioner pled guilty to breaking or entering, larceny after breaking or entering, three counts of obtaining property by false pretenses and having attained the status of habitual felon, in cases 02CRS 65750, 657712-13 and 03CRS 4416. Pursuant to the terms of his plea bargain, Petitioner received a consolidated 70-93 month sentence.

Petitioner did not file an appeal.

On December 9, 2003 Petitioner filed a pro se motion for appropriate relief ("MAR") which was summarily denied by the Honorable Dennis J. Winner on December 10, 2003. Petitioner then filed a pro se certiorari petition in the North Carolina Court of Appeals on May 19, 2004 which was denied on June 4, 2004 without prejudice to file an MAR in the trial court after the decision of the Supreme Court of North Carolina in a pertinent case. Petitioner then filed a second MAR in the Superior Court of Buncombe County on September 21, 2004. Judge Winner summarily denied Petitioner's second MAR on December 21, 2004. Petitioner filed a second certiorari in the North Carolina Court of Appeals on January 27, 2005, which was denied on February 15, 2005. Petitioner filed the instant habeas petition in this Court on March 18, 1005 alleging: (1) that his conviction was obtained by a violation of the protection against double jeopardy; (2) he was denied effective assistance of counsel and (3) his conviction was obtained by a plea of guilty which was unlawful.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits,'" that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Motion to Amend

Petitioner initially filed the instant Petition naming the State of North Carolina as Respondent. Petitioner then filed a Motion to Amend his petition to remove the State of North Carolina as a named party and to substitute Mr. Theodis Beck, Secretary of the Department of Correction, as Respondent to this action.

In order for this Court to obtain personal jurisdiction over a respondent, the petitioner must name the state officer having custody over him. See 28 U.S.C. § 2242 and Habeas Rule 2(a). Petitioner's custodian under state law is the Secretary of the Department of Correction, Mr. Theodis Beck, since he has authority to hold Petitioner in custody and authorize transfer. See N.C.G.S. § 148-4 (2003)("The Secretary of Correction shall have control and custody of all prisoners serving sentence

in the State prison system, and such prisoners shall be subject to all the rules and regulations legally adopted for the government thereof."). See also Habeas Rule 2(a) (Official Commentary allows habeas petitioner to name head of state's penal institutions as custodian..) Therefore, this Court grants Petitioner's Motion to Amend substituting Mr. Theodis Beck as respondent in place of the State of North Carolina. The caption will reflect such amendment.

## IV. Analysis

**A. Petitioner's Double Jeopardy Claim**

In support of his double jeopardy claim, Petitioner asserts that "Defendant based on statement and evidence supporting defendant's answer to #11 - clearly on the face of the motion should be entitled to be resentenced for the convictions from out of state were illegally used by state to enhance the defendants sentence making the habitual felon indictment ineffective fully." (Petition at 5.) As best this Court can understand, it appears that petitioner is arguing that the trial court impermissibly double counted some of his prior convictions for purposes of establishing his habitual felon status and his prior record level, subjecting him to double jeopardy.

Petitioner's habitual felon indictment shows his two prior New York drug convictions and one Robeson County breaking and entering conviction were used to support the indictment. First, the Court notes that alleged deficiencies in state court indictment are not ordinarily a basis for federal habeas relief unless they rendered the entire proceeding unfair, which did not occur here. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985). Additionally, any non-jurisdictional error in the indictment was waived by Petitioner's knowing, voluntary and counseled guilty plea. See Tollett v. Henderson, 411 U.S. 258 (knowing, voluntary, counseled guilty plea waives allegations of antecedent, non-jurisdictional violations of constitutional rights) and United States v. Broce, 488 U.S. 563 (1998)

4

(guilty plea found to waive a double jeopardy not appearing from record.) Therefore, any alleged defect in Petitioner's habitual felon indictment caused by alleged double counting of his prior convictions for purposes of establishing his habitual felon status and prior record level has been waived due to his knowing and voluntary guilty plea. However, in an abundance of caution and in light of Petitioner's claim on ineffective assistance of counsel related to this claim,[1] this Court will consider the merits of Petitioner's claim.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Constitution, Amendment V. This protection applies to both successive prosecutions and successive punishments for the same criminal offense. North Carolina v. Pearce, 395 U.S. 711 (1969). Here, Petitioner appears to be arguing that he was subject to double jeopardy because the prosecutor double counted two out of state convictions for both the calculation of his prior record level and used the same convictions to support his habitual felon indictment. Indeed, North Carolina statute prohibits the prosecutor from using any one conviction to support a habitual felon indictment and to calculate a defendant's prior record level. See N.C. Gen. Stat. § 14-7.6.

Here, a review of the record reveals that there was no double counting. Petitioner's habitual felon indictment shows his two prior New York drug convictions and one Robeson County breaking and entering conviction were used to support the indictment. Petitioner's prior record level work sheet shows that both of Petitioner's prior New York drug convictions and two Robeson County breaking or entering and larceny convictions, are listed. Therefore, at first blush, it appears there may

---

[1] The Court notes that while Petitioner does claim that his counsel was ineffective, he does not attack the validity of his plea.

have been some double counting. However, further review reveals that the prosecutor cured any initial double counting by striking four points off Petitioner's prior record level.

On Petitioner's prior record level worksheet, one of the prior New York drug convictions is listed as the equivalent of a Class H North Carolina felony and the other as a Class I felony. The Robeson County breaking or entering and larceny offenses are also listed as a Class H felony. Petitioner also had another Buncombe County drug conviction listed as a Class I felony and three Robeson County misdemeanor convictions listed as Class C1 misdemeanors. Thus, Petitioner had a total of 4 prior Class H or I felonies and three Class 1 misdemeanors. Therefore, as listed on Petitioner's prior record level worksheet, Petitioner originally had a total of 12 prior record level points which would have placed him at a prior record level IV status. However, the prosecutor struck out 4 of Petitioner's points, reducing the total to 8 points, which reduced Petitioner's prior record level status to III. When the prosecutor struck out 4 points, he effectively eliminated two of the prior Class H or I felonies (2 points for each) from consideration in determining Petitioner's prior record level status. This action by the prosecutor prevented any double counting of these two prior New York drug convictions. The New York drug convictions, therefore, were counted solely for determining Petitioner's habitual felon status and not his prior record level. Additionally, Petitioner's prior record level worksheet shows that he had two prior felony breaking or entering and larceny convictions out of Robeson County. Thus, one count could properly be used for establishing his habitual felon status and the other for determining his prior record level status. The two prior Robeson County breaking or entering and larceny convictions entered the same day, i.e. 4/19/99, could only be considered as a single conviction for purposes of determining his prior record level. See N.C.G.S. § 15A-1340.14(d) (2003). There is no prohibition, however, on using one of the prior

6

Robeson County breaking or entering convictions to establish Petitioner's habitual felon status and using the other to determine his prior record level. State v. Truesdale, 123 N.C. App. 639 (1996). Thus, there was no double counting and Petitioner's double jeopardy claim is without merit.

Furthermore, Petitioner raised the substance of his current double jeopardy claim in his second MAR. Judge Winner summarily denied this second MAR on its merits, albeit without specifically mentioning this double jeopardy claim. This summary denial on the merits is correct and it did not result in a decision contrary to, or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Blockburger v. United States, 284 U.S. 299 (1932). Nor is it based on an unreasonable determination of facts, in light of the evidence in the state court proceeding. Therefore, Petitioner's double jeopardy claim is also denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Yarborough v. Alvorada, 541 U.S. 652 (2004) ("The more general the rule the more leeway courts have in reaching [reasonable] outcomes in a case by case determination."); Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion.", cert. denied, 119 S.Ct (1999). Petitioner's double jeopardy claim is without merit and is also denied pursuant to § 2254(d) and (e).

**B. Ineffective Assistance of Counsel**

Next, Petitioner contends that his counsel was ineffective because he allowed Petitioner to

7

plead guilty when the trial court double counted his over ten year old out of state convictions in determining his habitual felon status and his prior record level and allowing Petitioner's sentence to be enhanced without a unanimous jury verdict as required by the state constitution. The Court will address these claims in order.

As to Petitioner's first claim in which it appears that Petitioner is arguing that his counsel was ineffective for allowing him to plead guilty when the trial court double counted his prior out of state convictions, which were over ten years old, in determining his habitual felon status and his prior record level, the Court has already determined that there was no double counting with regard Petitioner's habitual felon status or prior record level. Next, Petitioner's assertion that out of state convictions that are more than 10 years old may not be used to establish habitual felon status is simply an incorrect statement of the law. See N.C.G.S. § 14-7.1 (2003) (habitual felon statute allows use of felony offenses from "any federal court or state court in the United States"); § 14-7.4 (no provision disallowing the use of past felonies due to any time limitation based on conviction date); and State v. Hensley. 156 N.C.App. 634, 638 (19 year old conviction used to establish defendant's status as habitual felon), cert. denied, 357 N.C. 167 (2004). Petitioner has not established either prong of the Strickland v. Washington, 466 U.S. 668 (1984) test for ineffective assistance of counsel (familiar two-part test for determining ineffectiveness requires professional dereliction and reasonable probability of a different result). Therefore, Petitioner's claim must be denied.

Next, petitioner claims that his counsel was ineffective for allowing Petitioner's sentence to be enhanced without a unanimous jury verdict as allegedly required by the state constitution. Despite Petitioner's reference to the state constitution, however, this claim appears to be some sort of Blakely

challenge to his habitual felon conviction.[2]

Blakely v. Washington, 542 U.S. 296 (2004) extended into the determinate sentencing context, the requirement of Apprendi v. New Jersey, 530 U.S. 466 (2000) that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Blakely also announced that the relevant statutory maximum for Apprendi purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict (other than prior convictions) or admitted by the defendant. Here, there could be no possible Blakely violation because Petitioner received a mitigated range habitual felon sentence of 70 - 93 months, which enabled the trial court to sentence Petitioner based solely on his convictions without making any findings in aggravation. See N.C.G.S. § 15A-1340.17(c) and (e) (2003).

Furthermore, since Petitioner did not appeal his June 12, 2003 guilty plea, his conviction became final on direct review at the latest 14 days thereafter. See N.C.R. of App. P., Rule 4(a) (14 days to serve notice of appeal). Blakely was announced approximately one year later on June 24, 2004, however, and does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Since Blakely was not announced at the time Petitioner pled guilty and cannot be applied retroactively to cases on collateral review, Petitioner's defense counsel could not have been ineffective under Strickland or Hill for failing to raise this claim.

---

[2] If Petitioner is really trying to raise a state constitutional law claim, it is not cognizable on federal habeas review absent a federal constitutional violation. See e.g., Estelle v. McGuire, 502 U.S. 62 (1991) (federal habeas corpus does not lie for errors of state law) and Lewis v. Jeffers, 497 U.S. 764 (1990) (federal habeas corpus limited to federal law violations). This Court will therefore disregard Petitioner's reference to the state constitution and focus solely on his federal constitutional claims.

Additionally, Petitioner raised the substance of his current ineffective assistance of counsel claims in both of his MARs. Judge Winner summarily denied both of these MARs on their merits, albeit without specifically mentioning the ineffective assistance of counsel claims. Nevertheless, Judge Winner's summary MAR orders are correct. They did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, i.e. Strickland v. Washington. Nor are Judge Winner's MAR orders based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Therefore, Petitioner's ineffective assistance of counsel claims are also denied pursuant to the deferential standards of review contained in section 2254 (d) and (e).

**C. Claim that Guilty Plea was Unlawful**

Finally, Petitioner contends that his conviction was obtained by a plea of guilty which was unlawful. In support of this contention, Petitioner asserts: "such conviction, whether defendant plead guilty cannot be [e]nhanced without the verdict of a jury N.C. Const. 1.24, which counsel allowed the state to sentence defendant as habitual felon without the verdict of a jury to [e]nhance the sentence." (Complaint at 6.)

This assertion appears to be a Blakely claim couched in terms of rendering the guilty plea unlawful. As discussed above, Petitioner's underlying Blakely claim is without merit making the entire instant claim, which is premised on a Blakely violation, also without merit.

Furthermore, as stated in the previous sections above, Petitioner also presented this claim in his MAR. The Honorable Dennis Winner summarily denied Petitioner's MAR on its merits. This summary MAR order did not result in a decision contrary to, or an unreasonable application of, clearly established federal law. Nor is the MAR based on an unreasonable determination of the facts,

in light of the evidence presented in the state court proceedings. Therefore, Petitioner's <u>Blakely</u> claim is also denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254(d) and (e).

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is <u>Denied</u> and <u>Dismissed</u>. The State's Motion for Summary Judgment (Document No. 5) is <u>Granted</u> and Petitioner's Motion to Amend (Document No. 7), substituting Mr. Theodis Beck as respondent in place of the State of North Carolina, is <u>Granted</u>. The caption should reflect such amendment.

**SO ORDERED.**

Signed: June 19, 2007

Graham C. Mullen
United States District Judge